## CHARLES BROWN v. STATE.

No. A-74. Opinion Filed February 7, 1910.

(106 Pac. 975.)

1. JURY—Right to Jury Trial—Number of Jurors—Constitutional Law. The sixth amendment to the Constitution of the United States, guaranteeing a trial by jury of 12, has no application to the state courts of Oklahoma.

2. SAME. Section 19, art. 2, of the Constitution of this state, providing for a jury of six in county courts, is not in conflict with the Constitution of the United States.

3.   **CONSTITUTIONAL LAW—Statutes—Declaration of Emergency — Conclusiveness.** The declaring of an emergency by the Legislature, when it is expressed in the act that such measure is immediately necessary for the preservation of the public peace, health, or safety, when such act is not for the purpose of carrying into effect provisions relating to the initiative and referendum, or a general appropriation bill, or does not include the granting of a franchise or license to a corporation or individual to extend longer than one year, nor provisions for the purchase or sale of real estate, nor the renting or incumbering of real property for a longer term than one year, is conclusive on the courts. **Okla. City v. Shields,** 22 Okla. 265, 100 Pac. 559.

(Syllabus by the Court.)

*Error from Canadian County Court; H. L. Fogg, Judge.*

Charles Brown, plaintiff in error here, who was defendant in the trial court below, was tried on March 25, 1908, in the county court of Canadian county, charged with selling liquor. He was convicted and sentenced to imprisonment in the county jail for a period of thirty days and to pay a fine of $100 and costs of prosecution. The case is before us on appeal. Affirmed.

*R. B. Forrest,* for plaintiff in error.

*Fred S. Caldwell,* Counselor to the Governor, for the State.

OWEN, JUDGE (after stating the facts as above). In the brief filed in this case counsel for plaintiff in error urges three reasons for the reversal of this case:

First, that the sixth amendment to the Constitution of the United States, guaranteeing trial by jury, is in force in this state, and that a jury composed of 12 men is guaranteed by this provision of the Constitution.

Second, that section 19, art. 2, of the Constitution, providing for a jury of six in the county court, is in conflict with the sixth amendment to the Constitution of the United States.

Third, that the act of the Legislature of the state of Oklahoma, enacting the jury law which has been applied in this case, is not in its subject-matter effective to the peace, health, or safety of the public, and cannot be of force until 90 days after the adjournment of the Legislature enacting it.

The questions raised under the first and second reasons urged

by counsel have been settled by the uniform decisions of the Supreme Court of the United States in cases too numerous to quote here. In the case of *Spies v. Illinois,* 123 U. S. 131, 8 Sup. Ct. 22, 31 L. Ed. 80, the court, in passing on this question, said:

"That the first ten articles of amendment were not intended to limit the powers of the state government in respect to their own people, but to operate on the national government only, was decided more than a half century ago, and that decision has been steadily adhered to since"—citing the numerous decisions of that court on this question.

The question raised under the third proposition urged by counsel was settled by the Supreme Court of this state in the case of *Oklahoma City v. Shields,* 22 Okla. 265, 100 Pac. 559. Justice Williams, in rendering the opinion of the court, on this proposition, said:

"Most unquestionably, those who make the laws are required, in the process of their enactment, to pass upon all questions of expediency and necessity connected therewith, and must therefore determine whether a given law is necessary for the preservation of the public peace, health, and safety. It has always been the rule, and is now everywhere understood, that the judgment of the legislative and executive departments as to wisdom, expediency, or necessity of any given law is conclusive on the courts, and cannot be reviewed or called in question by them. * * * The existence of such necessity is therefore a question of fact, and the authority to determine such fact must rest somewhere. The Constitution does not confer it upon any tribunal. It must, therefore, necessarily reside with that department of the government which is called upon to exercise the power. It is a question of which the Legislature alone must be the judge, and, when it decides the fact to exist, its action is final"—citing a great number of authorities.

We approve the conclusions reached by the Supreme Court in that case.

The judgment of the county court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.